Case No. 12 CV 2273 (KAM)(MDG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSEPH E. TIRACO,

                              Plaintiff,

- against -

NEW YORK STATE BOARD OF ELECTIONS, BOARD OF ELECTIONS IN THE CITY OF NEW YORK,

                              Defendants.

**THE BOARD OF ELECTIONS IN THE CITY OF NEW YORK MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant Board of Elections*
*in the City of New York*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Stephen Kitzinger*
*Tel:  (212) 788-0849*

## TABLE OF CONTENTS

**Page**

FACTS ................................................................................................................................ 3

ARGUMENT ..................................................................................................................... 6

STANDARD OF REVIEW ............................................................................................... 6

      POINT I

           Plaintiff Has Failed to Sufficiently Plead an
           Associational Rights Claim.......................................................................... 8

      POINT II

           Plaintiff's Due Process/Equal Protection Claim is
           Barred by the Second Circuit's Decision in *Rivera-*
           *Powell* ........................................................................................................ 10

CONCLUSION................................................................................................................ 12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOSEPH E. TIRACO,

                                         Plaintiff,

                                                                               12 CV 2273 (KAM)(MDG)

   - against -

NEW YORK STATE BOARD OF ELECTIONS, BOARD
OF ELECTIONS IN THE CITY OF NEW YORK,

                                          Defendants.

------------------------------------------------------------------------ x

**THE BOARD OF ELECTIONS IN THE CITY
OF NEW YORK MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS
THE SECOND AMENDED COMPLAINT**

        Defendant Board of Elections in the City of New York (the "Board"), submits this memorandum of law in support of its Motion to Dismiss the Second Amended Complaint. In the Second Amended Complaint (the "Complaint"), plaintiff alleges that the Board violated his right of association by singling him out for special treatment, by denying him "access to information and documents that were provided to candidates favored by party leaders." Complaint, ¶ 63. Although styled as a right of association claim, it appears that he is actually alleging a Due Process or an Equal Protection claim in that he is claiming that he was treated differently than others. Regardless, plaintiffs' claim against the Board fails as a matter of law under either of these analyses.[1]

---

[1] The Board takes no position on plaintiff's claims against defendant McKay.

2

Treating the claim as a violation of the Right of Association (as plaintiff incorrectly does), the claim fails pursuant to *N.Y.S. Bd. of Elections v. Lopez-Torres*, 552 U.S. 196, 205 (2006). Treating it as a Due Process claim, it fails pursuant to *Rivera-Powell v. New York City Bd. of Elec.*, 470 F.3d 458, 469 (2d Cir. 2006), as he has not alleged a deprivation of rights other than a procedural Due Process claim, for which process is available. *See also*, *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996). Lastly, even construing plaintiff's claim as an Equal Protection claim, it similarly fails as he simply makes conclusory and unsupported statements that are not entitled to the assumption of truth in support of a finding a claim plausible.

Because plaintiff has not pled a set of facts that would allow this Court to draw the inference that the Board is liable for any alleged misconduct, the claim against the Board in the Complaint should be dismissed.

## FACTS[2]

As background, by order dated January 27, 2012 in the case of the *United States of America v. State of New York and New York State Board of Elections*, Case No. 1:10-cv-1214 (GLS/RFT), pending in the Northern District of New York, the Federal Primary Election was moved from September 11, 2012,[3] to June 26, 2012 (Document No. 59). By further order of that Court dated February 9, 2012, the petitioning period was set to commence on March 20, 2012, with the number of signatures reduced to 75% of the statutory requirement (Document No. 64). Regrettably, the state of New York was unable to agree on new Congressional District lines following the reporting of the results of the 2010 Decennial Census, which caused New York to suffer the loss of two Congressional Districts. Accordingly, on March 19, 2012, this Court, in *Favors v. Cuomo*, Case No. 11-cv-5632 (EDNY), entered an order setting the new Congressional District lines within the state all the while acknowledging that the signature gathering period was to commence the following day. This Court also made all of the filings in *Favors* publicly available at no cost through free access to the PACER service. This access included access to both the maps and the written descriptions of the geographic boundaries.[4]

Immediately thereafter, the Board commenced working on applying the new Congressional District lines to its voter registration database. On or about April 6, 2012, the

---

[2] Solely for the purpose of this motion, the "facts" alleged in the Complaint and cited herein are deemed to be true.

[3] Subsequently, the State of New York moved the State Primary Election from September 11, 2012, to September 13, 2012.

[4] The Court may take judicial notice of these facts pursuant to Rule 201 of the Federal Rules of Evidence as well as the fact that the documents in *Favors* remain available on the Court's website at no cost. See https://www.nyed.uscourts.gov/111-cv-5632-favors-et-al-v-cuomo-et-al (last visited on October 22, 2012).

State Board of Elections posted the total number of active voters by party for each new Congressional District together with number of signatures required to obtain ballot access in each Congressional District, broken down by party, on its website (*see* http://www.elections.ny.gov/NYSBOE/law/TotalCountyEnrollmentSigRequirements2012Congress.pdf, last visited on October 22, 2012).

During the signature gathering period, plaintiff claims that he asked the Board for: (1) a map of the Sixth Congressional District; (2) an Independence Party enrollment book for the Sixth Congressional District; (3) the number of enrolled Independence Party voters in the Congressional District; and (4) the number of signatures needed to qualify for ballot access as a Independence Party candidate in the Sixth Congressional District, *see* Complaint, ¶ 44, but was rebuffed at all times relevant hereto either (1) on account of the information not being available, Complaint, ¶¶ 45(d) and 46, or (2) to intentionally burden his efforts to obtain ballot access. Complaint, ¶ 50. He further alleges that both the State and City Boards of Elections discriminatorily provided such information to "candidates favored by party leaders." Complaint, ¶ 51.

Similar arguments concerning the unavailability of information and documents were raised by United States Representative Michael G. Grimm in connection with his efforts to obtain ballot access to become the Independence Party nominee in the 11th Congressional District. *See Matter of Grimm v Board of Elections in the City of N.Y.*, 2012 NY Slip Op 31382U, 35 Misc. 3d 1233A; 2012 N.Y. Misc. LEXIS 2599 (Richmond Cty. 2012). Congressman Grimm, who had received a "Wilson-Pakula" from the Independence Party, had his claims rejected and he remained off of the ballot. *Id*.

4

5

Notwithstanding his inability to obtain the aforementioned documents from either the State or City Boards of Elections, plaintiff gathered 532 signatures (not all of which were valid) in support of his candidacy, but such number of valid signatures was insufficient to garner him a place on the ballot. Complaint, ¶ 55. Upon information and belief, plaintiff did not seek any relief in state court. This litigation ensued.

## ARGUMENT

## STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court merely assesses the legal feasibility of the complaint, and does not weigh the evidence that may be offered at trial. *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998); *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). All factual allegations in the complaint must be accepted as true, and the complaint must be viewed in the light most favorable to the plaintiff. *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir. 1991). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although a court is limited to the facts stated in the complaint, for purposes of a Rule 12(b)(6) motion, the complaint includes any documents attached as exhibits and any documents incorporated by reference. *See Paulemon v. Tobin*, 30 F.3d 307, 308-09 (2d Cir. 1994); *Cortec Industries, Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 47 (2d Cir. 1991), *cert. denied*, 503 U.S. 960 (1992). Further, a court resolving a motion to dismiss the complaint may also consider matters of which judicial notice may be taken. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Pursuant to Fed. R. Evid. 201, the Court may take judicial notice of facts "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably challenged." This includes matters of public record. *Lakonia Management Ltd.v. Meriwether*, 106 F. Supp. 2d 540 (*citing Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998), *cert. denied*, 525 U.S. 1103 (1999)), *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995).

A motion to dismiss should be granted unless plaintiff has pled a set of facts that plausibly state a claim for relief. *Bell Atlantic Corp., v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, (*citing Twombly*, 550 U.S. at 555). Even liberally construed, plaintiff has failed to plead a set of facts that supports recovery under any legal theory that would support federal jurisdiction. Accordingly, the complaint should be dismissed.

## POINT I

### PLAINTIFF HAS FAILED TO SUFFICIENTLY PLEAD AN ASSOCIATIONAL RIGHTS CLAIM.

Plaintiff asserts a violation of his right of association as the basis for his claim against the Board is 42 U.S.C. § 1983. Complaint, ¶¶ 60 – 64. Notwithstanding his protestations to the contrary, plaintiff fails to allege any violation of his right of association. There is no impediment blocking plaintiff from associating, proselytizing, speaking, and/or writing to organize a campaign for his beliefs. *Munro v. Socialist Workers Party*, 479 U.S. 189, 198 (1986) (*quoting Jenness v. Fortson*, 403 U.S. 431, 438 (1971)).

The Supreme Court, when addressing the right of association in the context of ballot access cases "have focused on the requirements themselves, and not on the manner in which political actors function under those requirements." *Lopez-Torres*, 552 U.S. 196, 205 (2006). Here, as set forth in the Complaint, it is clear that plaintiff is not directly challenging any provision of the New York Election Law, but merely its application by the Board. Complaint, ¶ 1. Accordingly, plaintiff has failed to allege a plausible claim against the Board. Plaintiff alleges only that when he requested certain maps, books, and information to assist him in his quest for public office, the State Board informed him that what he sought was unavailable. Complaint, ¶¶ 45 & 46.

Plaintiff claims that in the absence of these items, plaintiff was unable to gather a sufficient number of valid signatures and therefore failed to qualify for ballot access as a candidate for the nomination of the Independence Party. Complaint, ¶ 48. Even were the Court to assume that plaintiff would have qualified for the ballot had the items in question been

8

available, the Board had no obligation to provide these materials to him[5] in an effort to assist him in gaining ballot access. *Munro*, 479 U.S. at 198. The Constitution does not guarantee "a 'fair shot at winning the party's nomination." *Lopez-Torres*, 552 U.S. at 205. *See also Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 359 (1997) (holding that an individual's inability to appear on the ballot as a particular party candidate did not burden associational rights); *Rosario v. Rockefeller*, 410 U.S. 752, 762 (1973) (rejecting freedom-of-association challenge to New York law prohibiting "party raiding"). Accordingly, even if plaintiff's right of association had been implicated, because there was no obligation under New York law to make the materials available to him (if they had even existed, which they did not), his rights would not have been violated. Accordingly, plaintiff's claim should be dismissed.

---

[5] Notably, plaintiff fails to allege that the Board had any obligation to produce these documents in the first instance. With regard to a map of the District, aside from the fact that this very Court made it available, free of charge, on March 19, 2012, prior to the commencement of the petitioning period, New York's Election Law does not require the Board to make maps of Congressional Districts available; the enrollment books are only required to be produced by Election District (but may be consolidated by Assembly District) on or before April 1 (N.Y. Election Law §§ 5-602(1) and 5-604(1)); the number of enrolled Independence Party voters in the District is to be determined by a review of the statewide voter registration list maintained by the State Board of Elections pursuant to N.Y. Election Law, § 5-614; and the number of valid signatures required for ballot access is merely the fraction of the statewide voter registration list as, this year, set by the Court in *United States of America v. State of New York and New York State Board of Elections*.

# POINT II

## PLAINTIFF'S DUE PROCESS/EQUAL PROTECTION CLAIM IS BARRED BY THE SECOND CIRCUIT'S DECISION IN *RIVERA-POWELL*.

To the extent that plaintiff alleges that the Board violated his Constitutional rights, those claims are barred by *Rivera-Powell v. New York City Bd. of Elec.*, 470 F.3d 458, 469 (2d Cir. 2006), as he does not appear to assert a facial challenge to a statute or rule, but what appears to be only a disguised Due Process claim (where "a plaintiff challenges a Board of Election[s] decision not as stemming from a constitutionally or statutorily invalid law or regulation, but rather as contravening a law or regulation whose validity the plaintiff does not contest, there is no independent burden on First Amendment rights when the state provides adequate procedures by which to remedy the alleged illegality."). Complaint, ¶ 1 ("Plaintiff challenges the manner in which the . . . [Board] adminster[s] the New York State Election law."). Such claims are foreclosed because the Second Circuit has previously determined that the process employed by the Board combined with the availability of a judicial remedy under Article 16 of the N.Y. Election Law satisfies the Due Process requirements. *See Rivera-Powell*. Plaintiff's apparent failure to avail himself of the judicial remedy afforded him under Article 16 of the Election Law does not give rise to a Constitutional injury.[6]

Plaintiff's claim would also fail were it to be considered under the Equal Protection clause. This claim must fail as it is based solely upon the unsupported conclusory allegation – made "upon information and belief" – and without identifying the "favored"

---

[6] Of course, since there is no right to the materials of which plaintiff claims he was deprived, had he brought litigation in state court it likely would have failed. *See also*, *Grimm*, *supra*.

10

candidates who purportedly received different treatment, as the allegation is to be disregarded and not afforded the assumption of truth. *Iqbal*, 556 U.S. at 679 ("a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth"). Furthermore, as the Second Circuit held in *Rivera-Powell* in dismissing the plaintiffs' Equal Protection claim, stated that "a conclusory allegation of discrimination, which, ''without evidentiary support or allegations of particularized incidents, does not state a valid claim' and so cannot withstand a motion to dismiss." *Rivera-Powell*, 470 F.3d at 470 (*quoting Kern v. City of Rochester*, 93 F.3d 38, 44 (2d Cir. 1996) (*quoting Butler v. Castro*, 896 F.2d 698, 700 (2d Cir. 1990)). As there are no allegations of particularized incidents in the Complaint, this claim, too, fails.

## **CONCLUSION**

For the reasons set forth herein, the Board of Elections in the City of New York respectfully requests that this Court enter an order dismissing the claims against it in the Second Amended Complaint and for such other and further relief as is just and proper.

Dated: New York, New York
October 22, 2012

> **MICHAEL A. CARDOZO**
> Corporation Counsel of the
>   City of New York
> Attorney for Defendant Board of Elections
>   in the City of New York
> 100 Church Street, Room 2-126
> New York, New York  10007
> (212) 788-0849
> e-mail: SKitzing@law.nyc.gov
>
> By:  s/Stephen Kitzinger
>      Stephen Kitzinger
>      Assistant Corporation Counsel